UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SULINDER SINGH RAIHSI,

       Plaintiff,

   v.

SACRAMENTO INDEPENDENT
TAXI OWNERS (SITOA);
HADI KAKAR; SACRAMENTO
INTERNATIONAL AIRPORT;
SACRAMENTO COUNTY; and
DOES 1-10,

       Defendants.

NO. CIV. S 05-0318 MCE KJM

MEMORANDUM AND ORDER

----oo0oo----

Defendants Sacramento Independent Taxi Owners Association ("SITOA") and Hadi Kakar (collectively "Defendants") have asked the Court to dismiss the complaint filed by Plaintiff Sulinder Singh Raihsi (hereinafter "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons discussed below, Defendants' motion is GRANTED.[1]  Plaintiff's complaint is dismissed in its entirety.

---

[1]  This matter was deemed suitable for decision without oral argument.  Local Rule 78-230(h).

1

1            **BACKGROUND**

2

3        SITOA is a private organization licenced to conduct business

4    in California.  Defendant Hadi Kakar is the current president of

5    SITOA.  (Compl. at 4:9-12.)

6        Pursuant to Sacramento County Resolution No. 2202-1381, all

7    taxi operators are required to have a special airport taxicab

8    permit (hereinafter "permit") to operate on the grounds of the

9    Sacramento International Airport.  Plaintiff alleges that SITOA

10   contracted with the County of Sacramento (hereinafter "County")

11   for the exclusive right to issue the required permits.  According

12   to Plaintiff, a cab driver must become a member of SITOA in order

13   to obtain a permit.  (Compl. at 2:2-8.)

14       Plaintiff claims he was a qualified membership candidate who

15   was unlawfully discriminated against on the basis of race,

16   religion, ancestry, and national origin during the SITOA

17   application process.  As a result of not being admitted to SITOA,

18   Plaintiff claims that he was denied access to a permit.  A SITOA

19   permit is apparently quite valuable: a permit holder can earn up

20   to five times the income of a non-Permit holder.  (Compl. at

21   2:12-14; 3:12-14; 4:17-18.)

22       Plaintiff filed his complaint on February 16, 2005, alleging

23   six causes of action: 1) violation of 42 U.S.C. § 1981, 2)

24   violation of 42 U.S.C. § 1983, 3) violation of 42 U.S.C. § 2000e,

25   4) violation of California Government Code § 12900 ("FEHA"), 5)

26   violation of the California Constitution, Article I, Section 31,

27   and 6) violation of the Fifth and Fourteenth Amendments to the

28   United States Constitution.  (Compl. at 4:19-5:21.)

1

**STANDARD**

2

3       On a motion to dismiss for failure to state a claim under

4   Federal Rule of Civil Procedure[2] 12(b)(6), all allegations of

5   material fact must be accepted as true and construed in the light

6   most favorable to the nonmoving party.  Cahill v. Liberty Mut.

7   Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  A complaint will

8   not be dismissed for failure to state a claim unless it appears

9   beyond doubt that a plaintiff can prove no set of facts in

10  support of his [or her] claim that would entitle him [or her] to

11  relief.  Yamaguchi v. Dep't of the Air Force, 109 F.3d 1475, 1480

12  (9th Cir. 1997) (quoting Lewis v. Tel. Employees Credit Union, 87

13  F.3d 1537, 1545 (9th Cir. 1996).

14      In addressing the federal pleading requirements, the Supreme

15  Court has found that the statement required under Rule 8(a) must

16  "simply give the defendant fair notice of what the plaintiff's

17  claim is and the grounds upon which it rests.  This simplified

18  notice pleading standard relies on liberal discovery rules and

19  summary judgement motions to define disputed facts and issues and

20  to dispose of unmeritorious claims . . . Rule 8(a)'s simplified

21  pleading standard applies to all civil actions, with limited

22  exceptions."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512

23  (2002) (citations and quotations omitted).

24      Under Rule 15(a), when there is no "[u]ndue delay, bad

25  faith[,] dilatory motive on the part of the movant . . . undue

26  prejudice to the opposing party by virtue of . . . the amendment,

27

28      [2] Unless otherwise stated, all further references to a
"Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1  [or] futility of the amendment," leave to amend a complaint is to

2  be "freely given when justice so requires."  <u>Foman v. Davis</u>, 371

3  U.S. 178, 182 (1962); F.R.C.P. 15(a).  Generally, leave to amend

4  is denied only if it is clear that the deficiencies of the

5  complaint could not be cured by amendment.  <u>Broughton v. Cutter</u>

6  <u>Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980).

7

8                            **ANALYSIS**

9

10       In light of future litigation and trial, the Court finds

11  that Plaintiff's complaint is defective as drafted.  Even in

12  light of the most liberal pleading standards, as discussed below,

13  neither the Court nor the parties should be expected to make

14  assumptions about facts, relationships, or other vital

15  information.  The Court finds that Plaintiff has failed to

16  provide Defendants with sufficient information to prepare a

17  reasonable defense.  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506,

18  512 (2002)

19

20  **1.   The 42 U.S.C. § 1981 Claim**

21

22       42 U.S.C. § 1981 states in relevant part: "All persons . . .

23  shall have the same right . . . to make and enforce contracts, to

24  sue, be parties, give evidence, and to the full and equal benefit

25  of all laws and proceedings . . . as is enjoyed by white citizens

26  . . ."  42 U.S.C. § 1981 (West 2003).

27       To state a claim under § 1981 Plaintiff must allege

28  intentional discrimination on the basis of race.  <u>Evans v. McKay</u>,

                                 4

1  869 F.2d 1341, 1344 (9th Cir. 1989).  However, as acknowledged by

2  the Supreme Court, the definition and classification of a

3  particular race in the context of § 1981 is not necessarily a

4  simple task, especially when dealing with a classification such

5  as "East Indian" (Compl. at 3:7).  <u>Saint Francis College v. Al</u>

6  <u>Khazraji</u>, 481 U.S. 604, 613 (1987).

7       While Plaintiff has provided notice of his § 1981 claim, he

8  has failed to supply Defendants with a clear basis for the claim.

9  Only by cobbling together various pieces of the complaint can the

10 Court make the assumption that Plaintiff is an East Indian

11 (Compl. at 3:7) who SITOA subjected to discrimination in its

12 admissions process (Compl. at 3:12-14) solely on the basis of his

13 ancestry or race (Compl. at 4:15-18).  Notably, Plaintiff never

14 actually states that he applied to join SITOA.

15      Under the notice pleading standard, Plaintiff must "give the

16 defendant fair notice of what the . . . claim is and *the grounds*

17 *upon which it rests*."  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506,

18 512 (2002) (emphasis added) (citations and quotations omitted).

19 Without some context or explanation, the Court finds that

20 Defendant will be unable to ascertain the exact basis for

21 Plaintiff's alleged discrimination, which, when pleading under §

22 1981, is of paramount importance.

23      Accepting all allegations of fact as true and construing

24 them in the light most favorable to Plaintiff, the Court finds

25 that Plaintiff has failed to satisfy the federal pleading

26 requirements.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-

27 38 (9th Cir. 1996).  Consequently, Defendants' motion to dismiss

28 Plaintiff's § 1981 claim is granted.  Plaintiff is granted twenty

5

1   (20) days leave to amend.

2

3   **2.    The 42 U.S.C. § 1983 Claim**

4

5       42 U.S.C. § 1983 states in relevant part: "Every person who,

6   under the color of any statute, ordinance, regulation, custom, or

7   usage . . . subjects . . . any citizen . . . to the deprivation

8   of any rights, privileges, or immunities secured by the

9   Constitution and laws, shall be liable . . ."   42 U.S.C. § 1983

10  (West 2003).

11      To state a claim under § 1983 Plaintiff must allege the

12  following: 1) the conduct complained of was committed by a person

13  acting under the color of state law, and 2) the conduct

14  complained of deprived Plaintiff of rights, privileges, or

15  immunities secured by the Constitution or the laws of the United

16  States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled

17  on separate grounds).

18      While Plaintiff has provided notice of his § 1983 claim, he

19  has failed to provide Defendants with a sufficient basis for such

20  a claim.  Other than stating (in two sentences) that SITOA and

21  the County have contracted together for certain licencing rights,

22  Plaintiff fails to provide any significant context or explanation

23  as to why or how SITOA is a state actor.  (Compl. at 2:2-8.)

24  Furthermore, the complaint leaves the Court and Defendants

25  guessing as to which rights (due process, equal protection, or

26  others) Plaintiff is complaining about.  (Compl. at 4:17-18; 5:1-

27  2; 5:20-21.)

28      Even in light of the liberal pleading requirements of Rule

6

1  8(a), the Court finds that Plaintiff has failed to give

2  Defendants fair notice of the grounds upon which his § 1983 claim

3  rests.  Consequently, Defendants' motion to dismiss Plaintiff's §

4  1983 claim is granted.  Plaintiff is granted twenty (20) days

5  leave to amend.

6

7  **3.    The 42 U.S.C. § 2000e Claim**

8

9      The Court does not recognize a cause of action under 42

10  U.S.C. § 2000e (the definition section of Subchapter VI (Equal

11  Employment Opportunities)).  (Compl. at 1:21; 5:7.)  Plaintiff

12  has failed to state a claim upon which relief can be granted.

13  Consequently, Plaintiff's § 2000e claim is dismissed for lack of

14  specificity.  Plaintiff is granted twenty (20) days leave to

15  amend.

16

17  **4.    The California Government Code § 12900 Claim**

18

19      The Court does not recognize a cause of action under

20  California Government Code § 12900 (the Short Title of the

21  California Fair Employment and Housing Act).  (Compl. at 5:11-

22  12.)  Plaintiff has failed to state a claim upon which relief can

23  be granted.  Consequently, Plaintiff's § 12900 claim is dismissed

24  for lack of specificity.  Plaintiff is granted twenty (20) days

25  leave to amend.

26  //

27  //

28  //

**5.    The State Constitutional Claim**

Article I, Section 31, of the California Constitution (hereinafter "§ 31") states in relevant part: "The state shall not discriminate against, or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, pubic education, or public contracting."  Notably, § 31 is a self-executing law, which includes counties in its definition of the term "state".  Article I, Section 31 (f) and (h) of the California Constitution.

As discussed in Section 2 above, whether Defendants qualify as state actors is a question for summary judgement and not a motion to dismiss.  However, the Court finds that Plaintiff has failed to plead discrimination in the operation of public employment, public education, or public contracting.  In this case, Plaintiff alleges discrimination in the application process for an independent taxi owners association.  The Court fails to see how discrimination in the context of an application process equates to discrimination in the operation of public employment, public education, or public contracting.  Accordingly, the Court finds that Plaintiff has failed to state a claim under § 31. Defendants' motion to dismiss Plaintiff's § 1983 claim is granted.  Plaintiff is granted twenty (20) days leave to amend.

//

//

//

//

1 **6.    The Federal Constitutional Claims**

2

3        Plaintiff claims that "Defendants's conduct violated the

4 Fifth and Fourteenth Amendments to the United States

5 Constitution."   (Compl. at 5:20-21.)

6        With regard to the Fifth Amendment, the Court finds that

7 Plaintiff is unable to state a claim.  <u>Barron v. City of</u>

8 <u>Baltiomre</u>, 32 U.S. 243, 250-51 (1833) ("the [F]ifth [A]mendment

9 to the [C]onstitution . . . is intended solely as a limitation on

10 the exercise of power by the government of the United States, and

11 is not applicable to the legislation of the states."); <u>Geneva</u>

12 <u>Towers Tenants Org. v. Federated Mortgage Investors</u>, 504 F.2d

13 483, 487 (9th Cir. 1974); <u>Nicolette v. Caruso</u>, 315 F. Supp. 2d

14 710, 718 (W.D. Pa. 2003) ("the due process clause of the Fifth

15 Amendment does not directly apply to the actions of state

16 officials . . . the limitations of the Fifth Amendment restrict

17 only federal government action.").  Here, Plaintiff alleges

18 violation of his Fifth Amendment due process rights by state

19 actors, not federal actors.  (Compl. at 4:17, 5:20-21.)  Because

20 the Fifth Amendment does not apply to state actors, the Court

21 dismisses Plaintiff's Fifth Amendment claim.  Plaintiff is not

22 granted leave to amend.

23        However, Plaintiff's due process rights are protected from

24 infringement by state actors under the Fourteenth Amendment.

25 <u>Apao v. Bank of New York</u>, 324 F.3d 1091, 1093 (9th Cir. 2003).

26 The Fourteenth Amendment can only be violated by conduct that

27 qualifies as a state action, i.e., conduct that may be fairly

28 attributable to the state.  <u>Lugar v. Edmonson Oil Co., Inc.</u>, 457

1  U.S. 922, 934 (1982) (acknowledging that § 1983 was passed for

2  the express purpose of enforc[ing] the provisions of the

3  Fourteenth Amendment) (citations and quotations omitted).

4       The Court finds, however, that Plaintiff's Fourteenth

5  Amendment claim is unnecessarily duplicative.  See id.  That is,

6  it states exactly the same cause of action as Plaintiff's § 1983

7  claim.  Both claims are based on an alleged violation of the

8  Fourteenth Amendment.  (Compl. at 3:12-14, 4:15-18, 5:1-3; 5:20-

9  21.)  The Court finds that Plaintiff's federal rights may be

10  fully and effectively vindicated under § 1983.  Consequently, the

11  Court dismisses Plaintiff's redundant Fourteenth Amendment claim

12  under Count VI of the complaint.  Plaintiff is not granted leave

13  to amend.

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1                              **CONCLUSION**

2

3        For the aforementioned reasons, Defendants' motion is

4   GRANTED.   Plaintiff's complaint is dismissed in its entirety.

5   Plaintiff is granted twenty (20) days leave to amend as discussed

6   above.

7

8        IT IS SO ORDERED.

9

10  DATED: May 20, 2005

11

12

13  _____
    MORRISON C. ENGLAND, JR
    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                               11